| PROB 22 (Rev. 8/97) | | 00CR0508 | DOCKET NUMBER *(Tran. Court)* 1:99CR00254-003 |
|---|---|---|---|
| TRANSFER OF JURISDICTION | | | |
| | | JUDGE KENNELLY | DOCKET NUMBER *(Rec. Court)* |
| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: PEDRO DELGADO, JR. 4233 W. 24th Place Chicago, Illinois 60623 **FILED** JUN 2 9 2000 **DOCKETED** JUN 2 9 2000 MICHAEL W. DOBBINS, CLERK UNITED STATES DISTRICT COURT | DISTRICT SOUTHERN DISTRICT OF TEXAS | | DIVISION United States District Court Southern District of Texas BROWNSVILLE FILED JUN 9 2000 Michael N. Milby, Clerk of Court |
| | NAME OF SENTENCING JUDGE HILDA G. TAGLE | | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 04/20/2000 | TO 04/19/2003 |

OFFENSE

Possession with intent to distribute more than 50 kilograms of marihuana, that is, approximately 60 kilograms of marihuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS - Brownsville Division

It is ordered that the jurisdiction of this probationer or supervised releasee be transferred with the records of the Court to the United States District Court for the **NORTHERN DISTRICT OF ILLINOIS, CHICAGO DIVISION** on that Court's acceptance. This Court expressly consents that the period of supervision may be changed by the receiving District Court without approval of this court. See 18 U.S.C. 3605.

5/5/2000
Date

Hilda G. Tagle, United States District Judge

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS - CHICAGO DIVISION

Jurisdiction over the person supervised is accepted by this Court from the entry of this order.

5/31/00
Effective Date

United States District Judge

Lissette T. De La Cerda
U.S. Probation Officer

00CR0508
JUDGE KENNELLY
GJ 4
1999R02451/emdl

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

Southern District of Texas
FILED
JUN 22 1999
Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs § | CRIMINAL NO. B-99-254 |
| § | |
| MARCO ANTONIO-SALGADO § | |
| BENJAMIN RUBIO § | |
| PEDRO DELGADO, JR. § | |

FILED
JUN 28 2001
MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE

On or about June 6, 1999, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, the Defendants,

**MARCO ANTONIO-SALGADO,
BENJAMIN RUBIO,
and
PEDRO DELGADO, JR.,**

did knowingly and intentionally conspire and agree together and with other persons known and unknown to the Grand Jurors to knowingly and intentionally possess with intent to distribute and to distribute a quantity in excess of fifty (50) kilograms of marihuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C).

### COUNT TWO

On or about June 6, 1999, in the Southern District of Texas and within the jurisdiction of the Court, Defendants,

MARCO ANTONIO-SALGADO,
BENJAMIN RUBIO,
and
PEDRO DELGADO, JR.,

did knowingly and intentionally possess with intent to distribute a controlled substance, that is, a quantity more than fifty (50) kilograms, that is, approximately 60 kilograms, gross weight, of marihuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2.

A TRUE BILL:

_____
FOREMAN OF THE GRAND JURY

MERVYN M. MOSBACKER
UNITED STATES ATTORNEY

_____
DON J. CALVERT
ASSISTANT UNITED STATES ATTORNEY

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk of Court
By _____
Deputy Clerk

O 245B (Rev. 8/96) Judgment in a Criminal Case

# United States District Court
## Southern District of Texas
### Holding Session in Brownsville

00CR0508

JUDGE KENNELLY

UNITED STATES OF AMERICA

v.

PEDRO DELGADO, JR.

FILED

NOV 0 4 1999
Michael N. Milby
Clerk of Court

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **1:99CR00254-003**

Everardo Garcia
Defendant's Attorney

JUN 2 6 2000

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

☐ See Additional Aliases - Sheet

**THE DEFENDANT:**

☑ pleaded guilty to count(s) __2 on July 21, 1999__

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2 | Possession, with intent to distribute, more than 50 kilograms of marihuana, that is, approximately 60 kilograms of marihuana | 06/06/1999 | 2 |

A COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk of Court
_____
Deputy Clerk

☐ See Additional Counts of Conviction - Sheet

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s) __1__ is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Social Security No.: 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
Defendant's Date of Birth: 12/18/1975
Defendant's USM No.: 86509-079
Defendant's Residence Address:

4233 W. 24th Place
Chicago    IL    60623

Defendant's Mailing Address:

4233 W. 24th Place
Chicago    IL    60623

October 22, 1999
Date of Imposition of Judgment

_____
Signature of Judicial Officer

**HILDA G. TAGLE**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judicial Officer

11-4-99
Date

LWM/nma

61

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __12__ months and 1 day

☐ See Additional Imprisonment Terms - Sheet

☑ The Court makes the following recommendations to the Bureau of Prisons:

The Court recommends the defendant participate in a comprehensive residential drug abuse treatment program while in custody.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ _____ on _____

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ by 2 p.m. on _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

Defendant delivered on _____ to _____ at _____ with a certified copy of this judgment.

                                                UNITED STATES MARSHAL

                                    By _____
                                                Deputy U.S. Marshal

**NOTE: U.S. Marshal - This is 1 of _____ Judgments.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ___3___ year(s).

☐ See Additional Supervised Release Terms - Sheet

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*
The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable)

☑ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

☑ See Special Conditions of Supervision - Sheet 3.01

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
14) if restitution has been ordered, the defendant shall make restitution as ordered by the Court and in accordance with the applicable provisions of Title 18 U.S.C. § 2248, 2259, 2264, 2327, 3663, 3663A, and/or 3664. The defendant shall also pay the assessment imposed in accordance with Title 18 U.S.C. § 3013;
15) the defendant shall notify the U.S. Probation Office of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not be limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol. Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all the rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant shall further submit to drug detection techniques in addition to those performed by the treatment agency, as directed by the probation officer. The defendant will incur costs associated with such drug/alcohol detection and treatment, based on ability to pay as determined by the probation officer.

The defendant is required to participate in a vocational training program as deemed necessary and approved by the probation officer.

The defendant is to perform two hundred (200) hours of community service as approved by the probation officer to be completed within twenty-four (24) months after release from confinement.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | | |

☐ If applicable, restitution amount ordered pursuant to plea agreement ............  _____

☐ See Additional Terms for Criminal Monetary Penalties - Sheet

## FINE

☐ The above fine includes costs of incarceration and/or supervision in the amount of  $0.00

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612 (f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612 (g).

☐ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☐ The interest requirement is waived.
    ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| **Totals:** | $0.00 | $0.00 | |

☐ See Additional Victims
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of total fine and other criminal monetary penalties shall be due as follows:

A [✓] in full immediately; or

B [ ] _____ immediately, balance due (in accordance with C, D, or E); or

C [ ] not later than _____ ; or

D [ ] in installments to commence _____ day(s)
In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E [ ] in _____ (e.g. equal, weekly, monthly, quarterly) installments of _____
over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

[ ] Joint and Several

| Case Number (Including Defendant No.) | Defendant Name | Joint and Several Amount |
|---|---|---|
| | | |

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

[ ] See Additional Forfeited Property - Sheet

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program, are to be made as directed by the Court, the probation officer, or the United States Attorney.

# STATEMENT OF REASONS

☐ The Court adopts the factual findings and guideline application in the presentence report.

**OR**

☑ The Court adopts the factual findings and guideline application in the presentence report except:

The Court finds that the defendant's relevant conduct is limited to 1/3 of the amount of marihuana involved in this case.

☐ See Additional Findings and Guideline Application Exceptions - Sheet

**Guideline Range Determined by the Court:**

Total Offense Level: __13__

Criminal History Category: __I__

Imprisonment Range: __12__ to __18__ months.

Supervised Release Range: __3__ to __3__ years.

Fine Range: __$3,000.00__ to __$1,000,000.00__

☑ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: __$0.00__

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

☐ Partial or no restitution is ordered for the following reason(s):

☑ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

☐ See Additional Reasons for Point Within Range - Sheet

**OR**

☐ The sentence departs from the guideline range:
    ☐ upon motion of the government, as a result of defendant's substantial assistance.
    ☐ for the following specific reason(s):

☐ See Additional Reasons For Departure From The Guideline Range - Sheet




CASE: 1:99-cr-00254
DOCUMENT: 61
DATE: 11/04/99

CLERK: oa

00CR0508

JUDGE KENNELLY

CLOSED

U.S. District Court
TXS - Southern District of Texas (Brownsville)

CRIMINAL DOCKET FOR CASE #: 99-CR-254-3

USA v. Salgado
Case Assigned to: Judge Hilda G Tagle

Filed: 06/22/99

Other Dkt # 1:99-m -02989

PEDRO DELGADO, JR
    defendant
  [term  10/22/99]

Everardo Garcia
  [term  10/22/99]
956-542-3225 fax
[COR LD NTC ret]
Attorney at Law
1000 E Van Buren
Brownsville, TX 78520
956-542-2932

FILED

JUN 2 6 2000

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

Brownsville Interpreter
  [term  10/22/99]
[COR LD NTC ret]
U S District Court
P O Box 2299
Brownsville, TX 78520

Jose A Esquivel, Jr
  [term  10/22/99]
956-548-2711 fax
[COR LD NTC cja]
Asst U S Atty
600 E Harrison
Brownsville, TX 78521
956-548-2544

Pedro Delgado, Jr
  [term  10/22/99]
In Custody

Pending Counts:

Ct. 2: Possession with intent
to distribute more than 50
kilograms, that is, approx. 60
kilograms, of marihuana; 21
USC 841(a)(1),841(b)(1)(C) and
18 USC 2; Offense Date:
6/6/99; Penalty: 20 years
and/or $1,000,000 plus 3 yrs
SRT   as to each count
(2)

Disposition

CBOP 12 months & 1 day, 3 yrs
SRT, $100 SA, 200 Hrs
Community Service be completed
2 yrs SRT
(2)

TRUE COPY I CERTIFY
ATTEST:

MICHAEL N. MILBY, Clerk of Court
by _____
                       Deputy Clerk

Docket as of June 22, 2000 11:37 am         Page 1   NON-PUBLIC

INTERNAL USE ONLY: Proceedings include all events.
1:99cr254-3 USA v. Salgado                                          CLOSED

Offense Level (opening): 4


Terminated Counts:                              Disposition

Ct. 1: Conspiracy to possess      Dismissed on Govt's Motion.
with intent to distribute more    (1)
than 50 kilograms, of
marihuana, a Schedule 1
controlled       substance; 21
USC 846, 841(a)(1) and
841(b)(1)(C); Offense   Date:
6/6/99; Penalty: 20 years
and/or $1,000,000 plus 3
year SRT as to each count
(1)


Offense Level (disposition): 4



Complaints                                       Disposition

21:841, 846, 952 & 963   Poss.
w/i to dist. approx. 133 lbs
of marihuana.
[ 1:99-m -2989 ]

MARCO ANTONIO SALGADO, 7/1/99 - $50,000 Unsecured Bond.

  defendant

==========================

BENJAMIN RUBIO, 6/17/99 - $50,000 Bond w/$2,500 deposit.

  defendant

==========================

PEDRO DELGADO, JR

  defendant

==========================

USA

  plaintiff

U. S. Attorneys:

 Don J Calvert
 [COR LD NTC]
 Asst US Attorney
 P O Box 61129
 Houston, TX 77208
 713-567-9375

 U S Probation
 FTS n
 956-548-2710 fax
 [COR LD NTC ret]
 600 E Harrison St
 No 103
 Brownsville, TX 78520-7114
 956-548-2522

 Pretrial Services - B
 FTS n
 956-548-2704 fax
 [COR LD NTC ret]
 600 E Harrison St
 Ste 202
 Brownsville, TX 78520-7149

 U S Marshal - B
 FTS n

[COR LD NTC ret]
PO Box 1585
Brownsville, TX 78522-0472

| Date | # | Entry |
|---|---|---|
| ./6/99 | -- | ARREST of Marco Antonio Salgado, Benjamin Rubio, Pedro Delgado Jr<br>[ 1:99-m -2989 ] (oa) [Entry date 06/17/99] |
| ./7/99 | -- | COMPLAINT as to Marco Antonio Salgado, Benjamin Rubio, Pedro Delgado Jr, filed.<br>[ 1:99-m -2989 ] (oa) [Entry date 06/17/99] |
| ./7/99 | -- | AO 257 Information Sheet as to Pedro Delgado Jr , filed.<br>[ 1:99-m -2989 ] (oa) [Entry date 06/17/99] |
| ;/7/99 | -- | Initial appearance as to Marco Antonio Salgado, Benjamin Rubio, Pedro Delgado Jr held before Magistrate Judge Felix Recio  Ct Reporter: G. Mendieta, ERO  Interpreter: S. Cortez  (Defendants informed of rights.  Defts request appointed counsel.  Bond set at $100,000 c/S.) , filed.<br>[ 1:99-m -2989 ] (oa) [Entry date 06/17/99] |
| ;/7/99 | -- | Order of Commitment as to Marco Antonio Salgado, Benjamin Rubio, Pedro Delgado Jr; to be committed  to custody of Atty. General on 6/7/99 ( Signed by Magistrate Judge Felix Recio ), entered.<br>[ 1:99-m -2989 ] (oa) [Entry date 06/17/99] |
| ;/7/99 | -- | CJA 20 as to Pedro Delgado Jr: Appointment of Attorney Jose A Esquivel Jr  Voucher # 1060188 ( Appointed by Magistrate Judge Felix Recio ) , entered.<br>[ 1:99-m -2989 ] (oa) [Entry date 06/17/99] |
| ;/18/99 | -- | MOTION by Pedro Delgado Jr to Reduce Bond , filed.<br>[ 1:99-m -2989 ] (oa) [Entry date 06/22/99] |
| ;/18/99 | -- | MOTION by Pedro Delgado Jr to reduce Bond , filed.<br>[ 1:99-m -2989 ] (maxg) [Entry date 06/30/99] |
| ;/21/99 | -- | MOTION by Pedro Delgado Jr to substitute attorney , filed.<br>[ 1:99-m -2989 ] (oa) [Entry date 06/22/99] |
| ;/21/99 | -- | ORDER  granting [0-1] motion to substitute attorney  terminated I. Sheldon Weisfeld  Added Evererdo Garcia as to Pedro Delgado (3) ( Signed by Magistrate Judge Felix Recio ), entered. Parties ntfd.<br>[ 1:99-m -2989 ] (oa) [Entry date 06/22/99] |
| 6/22/99 | 1 | INDICTMENT as to Marco Antonio Salgado (1) count(s) 1, 2, Benjamin Rubio (2) count(s) 1, 2, Pedro Delgado (3) count(s) 1, 2 , filed. (maxg) [Entry date 06/30/99] |
| 6/22/99 | -- | **Added Government Attorney Don J Calvert (maxg) [Entry date 06/30/99] |
| 6/22/99 | -- | **Added for Marco Antonio Salgado, Benjamin Rubio, Pedro Delgado Jr Brownsville Interpreter (maxg) |

                    [Entry date 06/30/99]

/22/99    --       **Added US Marshal, Pretrial Services, and Probation Office
                   (maxg) [Entry date 06/30/99]

5/22/99   --       NOTICE of Setting  set Arraignment for 8:00 7/1/99 for
                   Marco Antonio Salgado, for Benjamin Rubio, for Pedro
                   Delgado Jr before Magistrate Judge John W. Black , filed.
                   Parties ntfd. (maxg) [Entry date 06/30/99]

5/23/99   --       Bond hearing as to Pedro Delgado Jr held before  Magistrate
                   Judge Felix Recio  , filed. App: Adela Kowalski-Garza AUSA;
                   Everardo Garcia,ret. f/deft; Deft present with counsel;
                   Bond reduced to $50,000 cash/surety; Deft remanded to
                   custody to USM
                   [ 1:99-m -2989 ] (maxg) [Entry date 06/30/99]

7/1/99    4        Arraignment  held before  Magistrate Judge John W. Black
                   Ct Reporter: G. Mendieta, ERO  Interpreter: K. Pena F/Govt
                   Don Calvert AUSA  F/Deft Salgado, Sandra Z Zayas AFPD
                   F/Deft Rubio, Veronica Erwin  F/Deft Delgado, Everardo
                   Garcia , filed., Plea of Not Guilty: , Marco Antonio
                   Salgado (1) count(s) 2, Benjamin Rubio (2) count(s) 1, 2,
                   Pedro Delgado (3) count(s) 1, 2 (oa) [Entry date 07/06/99]

7/1/99    --       **Terminated attorney Federal Public Defender for Marco
                   Antonio Salgado (oa) [Entry date 07/06/99]

7/1/99    7        SCHEDULING ORDER as to Pedro Delgado Jr setting Motion
                   Filing deadline on 7/8/99  ; Motion Response deadline
                   7/15/99 ; Pretrial Conference for 1:30 7/29/99 ; Jury
                   Selection for 9:00 8/2/99 for Pedro Delgado Jr ; before
                   Judge Hilda G. Tagle ( Signed by Magistrate Judge John W.
                   Black ), entered. Parties ntfd. ETT: 2 days (oa)
                   [Entry date 07/06/99]

7/1/99    --       Deadline updated ,  set Motion hearing for 9:00 7/20/99
                   for Marco Antonio Salgado, for Benjamin Rubio, for Pedro
                   Delgado Jr   before Magistrate Judge Felix Recio (oa)
                   [Entry date 07/06/99]

INTERNAL USE ONLY: Proceedings include all events.
1:99cr254-3 USA v. Salgado                                         CLOSED

| Date | # | Entry |
|---|---|---|
| 7/14/99 | 31 | RESPONSE by USA as to Pedro Delgado Jr re: Motion for Discovery and Inspection, Motion for Production of Exculpatory and Mitigating Evidence, Motion in Limine for Extraneous Offenses (404b), Motion for Grand Jury Transcript, Motion to List Witnesses, Motion to Disclose Criminal Record, Motion for Production of Witnesses Statements, Motion to Reveal any Deals or Compensation between Govt and Witnesses, Motion Requesting the Court to Determine the Admissibility of Co-Conspirtors Statements, Motion to Suppress, Motion for Production of Evidence Favorable to the Accused, Motion for Discovery of Witnesses Favorable to the Deft , filed. (oa) [Entry date 07/15/99] |
| 7/14/99 | 32 | MOTION by USA as to Pedro Delgado Jr for Reciprocal Discovery , filed. (oa) [Entry date 07/15/99] |
| 7/20/99 | 35 | Motion hearing held as to Pedro Delgado Jr re: withdrawing [32-1] motion for Reciprocal Discovery before Magistrate Judge Felix Recio  Ct Reporter: Rhonda Martin  Interpreter: K. Pena  F/Govt M. Rodriguez AUSA F/Deft Everardo Garcia , filed.   Plea of guilty indicated to be taken by Judge Tagle 7/21/99 @ 10:30 A.M. (oa) [Entry date 07/20/99] |
| 7/21/99 | 42 | Re-Arraignment  held before  Judge Hilda G. Tagle   Ct Reporter: B. Record  F/Govt M. Rodriguez AUSA  F/Deft Everardo Garcia   , filed., Plea of Guilty: Pedro Delgado (3) count(s) 2   (Terminated motions -, terminating [0-1] motion to Reduce Bond , terminating [0-1] motion to reduce Bond as to Pedro Delgado (3) )  Court allows deft to w/draw the plea to Ct. 1., terminated deadlines (oa) [Entry date 07/21/99] |
| 7/21/99 | 43 | Plea Agreement as to Pedro Delgado Jr   , filed. (oa) [Entry date 07/21/99] |
| 7/21/99 | 44 | ORDER for Disclosure of PSI as to Pedro Delgado Jr , PSI completion by 9/10/99  , Objection to PSI due 9/24/99 , Final PSI  due 10/12/99  , Sentencing set for 9:00 10/22/99 for Pedro Delgado Jr    before Judge Hilda G. Tagle ( Signed by Judge Hilda G. Tagle ), entered. Parties ntfd. (oa) [Entry date 07/21/99] |
| 9/10/99 | 48 | STATEMENT of No Objections to Presentence Investigation Report by USA as to Pedro Delgado Jr , filed. (oa) [Entry date 09/20/99] |
| 9/24/99 | 49 | OBJECTION by Pedro Delgado Jr to Presentence Investigation Report , filed. (oa) [Entry date 09/29/99] |
| 10/7/99 | 50 | FINAL PRESENTENCE INVESTIGATION REPORT (Sealed) as to Pedro Delgado Jr, filed. (oa) [Entry date 10/12/99] |
| 10/7/99 | 51 | SEALED Confidential Sentencing Recommendation regarding Pedro Delgado Jr to the Court, filed and placed in vault. |

                    (oa) [Entry date 10/12/99]

10/22/99  58    Sentencing held before Judge Hilda G. Tagle  Ct
                Reporter: B. Record   F/Govt Mark Dowd AUSA  F/Deft
                Everardo Garcia  Pedro Delgado (3) count(s) 2.  CBOP 12
                months & 1 day, 3 yrs SRT, $100 SA, 200 Hrs Community
                Service be completed 2 yrs SRT  , filed.  Deft obj to the
                5 K overruled; Court finds as to relevant conduct - 44.31;
                Court does not request Deft be placed in a facility in or
                near Chicago; participate in program for alcohol & drug
                abuse; Vocational training program; Court adopts PSI
                findings other than relevant.   US Probation Officer: L.
                Lopez (oa) [Entry date 10/22/99]

10/22/99  --    DISMISSAL of Count(s) on Government Motion as to Pedro
                Delgado Jr  Counts Dismissed: count(s) 1 (oa)
                [Entry date 10/22/99]

10/22/99  --    **Case closed  as to all defendants: Marco Antonio Salgado,
                Benjamin Rubio, Pedro Delgado Jr (oa) [Entry date 10/22/99]

11/4/99   61    JUDGMENT as to  Pedro Delgado (3) count(s) 2 ( Signed by
                Judge Hilda G. Tagle ), entered. Parties ntfd. (oa)
                [Entry date 11/04/99]

4/12/00   66    Judgment Returned Executed as to Pedro Delgado Jr; on
                3/17/00 to serve sentence at SCP, Leavenworth, KS, filed.
                (oa) [Entry date 04/12/00]

6/9/00    69    Probation jurisdiction transferred out as to Pedro Delgado
                Jr, entered. Transmitted  to District of ND/Illinois,
                Chicago Division. Transfer of Jurisdiction form. with
                certified copies of indictment, judgment and docket sheet.
                ( Signed by Judge Hilda G. Tagle ) (maxg)
                [Entry date 06/09/00]

00CR0503

JUDGE KENNELLY

United States District Court
Southern District of Texas
Office of the Clerk
600 E. Harrison #101
Brownsville, Texas 78520
June 23, 2000

Michael N. Milby
Clerk

(956)548-2500

RECEIVED

JUN 28 2000

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

Clerk, U.S. District Court
Northern District of Illinois
Michael W. Dobbins
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, Illinois 60604

Re: Cr. No. B-99-CR-254-003
U.S.A. vs Pedro Delgado, Jr.

Enclosed for probation transfer are certified copies of the following:

INDICTMENT/INFORMATION
JUDGMENT AND ORDER OF PROBATION
TRANSFER OF JURISDICTION
DOCKET SHEET

Please complete the receipt below and return the copy of this letter in the enclosed envelope.

Very Truly Yours,

Michael N. Milby, Clerk

By: _____
Deputy Clerk

xc: U.S. Probation, Brownsville, Texas
    U.S. Marshal, Brownsville, Texas
    U.S. Attorney, Brownsville, Texas

Received and filed under Docket No. _____ On _____
Clerk, U.S. District Court By _____
                                Deputy Clerk